UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MAHBOBA AZIZI, | ) | No. CV 06-1897-PLA |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on April 4, 2006, seeking review of the Commissioner's denial of her applications for Supplemental Security Income payments and Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on April 14, 2006, and April 28, 2006. Pursuant to the Court's Order, the parties filed a Joint Stipulation on December 13, 2006, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on May 10, 1969. [Administrative Record ("AR") at 68.] She has a twelfth grade education and past work experience as a cashier, stocker and storekeeper.  [AR at 27, 76, 80, 85-86, 89-94.]

On December 9, 2003, and December 15, 2003, plaintiff filed her applications for Disability Insurance Benefits and Supplemental Security Income payments, alleging that she had been unable to work since March 15, 1999, due to neck, back, and leg pain, and stress. [AR at 19, 68-70, 75-81, 356-58.] After a denial of her applications, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  The hearing was held on May 3, 2005, at which time plaintiff appeared with counsel and testified on her own behalf. A vocational expert also testified. [AR at 362-403.] On June 22, 2005, the ALJ determined that plaintiff was not disabled. [AR at 19-30.] When the Appeals Council denied review on February 2, 2006, the ALJ's decision became the final decision of the Commissioner. [AR at 6-9.]

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court

must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.
## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.   THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie

case of disability is established.  The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy.  The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the alleged onset date of the disability.[1] [AR at 20.] At step two, the ALJ concluded that plaintiff had the "severe" impairments of lumbar disk disease and status post left diskectomy of the lumbosacral spine, and lumbar stenosis.[2] [AR at 21.] At step three, the ALJ determined that plaintiff's impairments did not meet or equal any impairment in the Listing. [AR at 23.]  The ALJ further opined that plaintiff retained the residual functional capacity ("RFC")[3] to perform sedentary work.[4] [AR at 18.]  At step four, the ALJ concluded that plaintiff was not capable of performing her past relevant work. [AR at 19.] At step five, the ALJ found that plaintiff could perform other work that exists in significant numbers in the national economy.  [AR at 28.] Accordingly, the ALJ determined that plaintiff was not disabled. [AR at 19-30.]

---

[1]    The ALJ also found that plaintiff's insured status for Disability Insurance Benefits expired on December 31, 2003. [AR at 20.]

[2]    The ALJ also determined that plaintiff's "dysthymic reaction" is a non-severe mental impairment. [AR at 21.]

[3]    RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[4]    Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).  In particular, the ALJ concluded that plaintiff "retains the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for two hours in an eight-hour workday, and be allowed to stand for 10 minutes every hour.  She is limited to occasional postural limitations.  She should not climb ropes, ladders or scaffolds, and should not balance." [AR at 26.]

# V.

# THE ALJ'S DECISION

Plaintiff contends that the ALJ: (1) failed to articulate specific and legitimate reasons for rejecting the opinions of Dr. Wai and Dr. Ro; and (2) failed to properly consider the third party statements in assessing plaintiff's residual functional capacity. Joint Stipulation ("Joint Stip.") at 3. The Court agrees with plaintiff, in part, and remands the matter for further proceedings.

**A.    TREATING PHYSICIAN'S OPINIONS**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). See 20 C.F.R. §§ 404.1502, 416.927; Lester, 81 F.3d at 830. Generally, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)). Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the question of disability. Magallanes, 881 F.2d at 751 (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989)). Where the treating physician's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. Where the treating physician's opinion is contradicted, the ALJ may reject it in favor a conflicting opinion of an examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Ramirez v. Shalala, 8 F.3d 1449, 1453-54 (9th Cir. 1993).

Here, the ALJ concluded, among other things, that plaintiff can stand and/or walk for two hours in an eight hour work day. He placed no limitation on plaintiff's ability to sit. [AR at 26.] Treating physician San San Wai, on the other hand, who had treated plaintiff from July, 2003, through January, 2004 [AR at 193-94], opined that plaintiff was unable to "stand/sit/walk longer

than 2 hr." [AR at 193.] While it is unclear if Dr. Wai intended this limitation to be a limitation to two hours for each of these activities spread out over a day, or a combined two hours total for all of these activities during the day, or even two hours at a time for each activity followed by more activity once plaintiff rested, it is clear that the ALJ implicitly rejected, at a minimum, Dr. Wai's limitation on sitting. In fact, the ALJ failed to provide a single specific reason to reject Dr. Wai's opinions. In this case, as sitting is an important aspect of sedentary work ("a sedentary job is defined as one which involves sitting . . ."; 20 C.F.R. §§ 404.1567(a), 416.967(a)), and the ALJ's findings were not consistent with Dr. Wai's restrictions, this inconsistency should be addressed. The lack of a specific and legitimate reason to counter Dr. Wai's opinion warrants remand.[5]

**B.    LAY WITNESS TESTIMONY**

As stated in 20 C.F.R. §§ 404.1513(d) and 416.913(d), judges may, "in addition to evidence from the acceptable medical sources . . . also use evidence from other sources to show the severity of [plaintiff's] impairment(s) and how it affects [her] ability to work." 20 C.F.R. §§ 404.1513(d), 416.913(d) (2005). Such other sources include spouses, parents and other care givers, siblings, other relatives, friends, neighbors, and clergy. 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4). Thus, lay witness testimony by friends and family members who have the opportunity to observe a claimant on a daily basis "constitutes qualified evidence" that the ALJ must consider. See Sprague v. Bowen, 812 F.2d 1226, 1231-32 (9th Cir. 1987); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996) (testimony from lay witnesses, who see the plaintiff on a daily basis and are often family members, is of "particular" value); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993) ("[a]n eyewitness can often tell whether someone is suffering or merely malingering . . . [T]his is particularly true of witnesses who view the claimant on a daily basis. . .").

---

[5]    For the reasons set forth by defendant in the Joint Stipulation (Joint Stip. at 12-15), the Court rejects plaintiff's contentions that the ALJ failed to properly evaluate the opinions of Dr. Kyoo Ro. [AR at 25.] Rather, the Court concurs with defendant that the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, to give less weight to the residual functional capacity set forth by Dr. Ro. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

An ALJ's consideration of lay testimony becomes especially important when a plaintiff alleges "that pain is a significant factor of his alleged inability to work and the allegation is not supported by objective medical evidence in the file." SSR 88-13; see Smolen, 80 F.3d at 1288. An ALJ may reject lay testimony only for specific reasons germane to each witness. See Regennitter v. Commissioner of the Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Smolen, 80 F.3d at 1289.

Here, the ALJ rejected the Function Report completed by plaintiff's husband, Atiq Azizi [AR at 109-17], for the following reasons: 1. he was not sworn to tell the truth; 2. he was not subject to cross-examination; 3. he has a financial interest in the outcome; and 4. he can only report his observations of plaintiff, which may not reflect plaintiff's maximum capacities. [AR at 26.]

The Court rejects the reasons provided by the ALJ, and remands for further proceedings on this issue as well. First, Mr. Azizi provided his statement under penalty of perjury, so he was in fact swearing that he was being truthful. [AR at 117.] The ALJ erred in concluding that plaintiff was not sworn to tell the truth. Indeed, Mr. Azizi acknowledged with his signature that giving a false statement could result in him being sent to prison. Next, that Mr. Azizi was not subject to cross-examination is not a reason germane to this specific witness. Rather, it applies to every individual who completes a third party questionnaire. If the ALJ had questions of this witness, he could have requested the opportunity to examine him. He did not. The reason provided by the ALJ would render the Commissioner's form questionnaire meaningless. Further, that Mr. Azizi may have a financial interest in the outcome is also not a legitimate reason to reject the statements. This reason would apply to every spouse and dependent family member who would ever supply testimony or statements. The regulations clearly include spouses as "other sources" who may provide evidence. The ALJ's rationale would effectively eliminate them from the list of competent evidence-givers, and would render their statements, instead of being of "particular" value, of no value at all. There is no evidence here, let alone substantial evidence supported by the record, that Mr. Azizi was exaggerating his statements based on a financial motive. Finally, the fact that Mr. Azizi could only report his observations of plaintiff is precisely the point of third party statements. See Sprague, 812 F.3d F.2d at 1331-32 (lay witness testimony by family

members who have the opportunity to "observe" a plaintiff is qualified evidence that must be considered).  It is Mr. Azizi's observations, rejected by the ALJ, that must be considered. Remand is warranted.

### VI.
### **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to properly consider the opinions of Dr. Wai, and the third party statement. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: January 16, 2007                                    /S/
                                                    PAUL L. ABRAMS
                                          UNITED STATES MAGISTRATE JUDGE

8